**UNITED STATES DISRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NORTH FORK OPERATING, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-1187-D |
| | ) | |
| MEWBOURNE OIL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Before the Court is Plaintiff's Opposed Motion for Extension of Time to Respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer to the District of New Mexico [Doc. No. 13]. Defendant objects on grounds that Plaintiff has failed to show good cause for the requested extension and that Plaintiff has not complied with the disclosure requirement of LCvR7.1.1. *See* Def.'s Resp. Br. [Doc. No. 15].

Upon consideration, the Court finds that good cause exists to extend the deadline for Plaintiff to respond to Defendant's Motion, which raises issues of both personal jurisdiction and venue. Plaintiff asserts, without a citation of authority, that the Court must decide whether subject matter jurisdiction exists before considering Defendant's Motion. Although subject matter jurisdiction is a threshold question to be decided before reaching the merits of a case, it does not necessarily take precedence over other jurisdictional issues. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("While *Steel Co.* [*v. Citizens for a Better Env't*, 523 U.S. 83 (1998)], reasoned that subject-matter jurisdiction necessarily precedes a ruling on the merits, the same principle does not dictate a sequencing

of jurisdictional issues."). Under the circumstances of this case, however, the Court finds that the question of federal jurisdiction should be decided before determining whether this judicial district (or another one) is the proper venue for this litigation.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Extension of Time [Doc. No. 13] is **GRANTED**. The deadline for Plaintiff to respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer to the District of New Mexico [Doc. No. 6] is extended until 21 days after the Court decides whether subject matter jurisdiction exists. If the case is remanded, the parties may seek direction from the District Court of Oklahoma County regarding the refiling of Defendant's motion to dismiss or the resetting of Plaintiff's response deadline.

**IT IS SO ORDERED** this 22nd day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

[1] Similarly, Defendant cites no authority for its position that LCvR7.1.1 must be enforced as a preliminary matter, before considering Plaintiff's request for additional time to respond to Defendant's Motion. Enforcing the Court's local rules is not Defendant's concern.