IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NORTH FORK OPERATING, LP,

    Plaintiff,    )
)
v.    )    Case No. CIV-23-1187-D
)
MEWBOURNE OIL COMPANY,    )    (Case No. CJ-2023-6650, District Court
)    of Oklahoma County, Oklahoma)
    Defendant.    )

### ORDER REMANDING CASE

On December 29, 2023, the Court directed Defendant to file an amended notice of removal to establish diversity jurisdiction under 28 U.S.C. § 1332, or to show cause why this case should not be remanded. This Order triggered multiple filings, none of which has satisfied the Court's jurisdictional concerns.

Currently before the Court are Defendant's Opposed Motion for Jurisdictional Discovery [Doc. No. 9] and Defendant's Opposed Motion for Extension of Time to Show Cause Why This Case Should Not Be Remanded [Doc. No. 10]. Defendant requests: 1) permission to conduct limited discovery to obtain sufficient information about Plaintiff, its partners, and their constituent members to determine Plaintiff's citizenship; and 2) to delay its deadline to comply with the December 29 Order until the discovery is completed.

Plaintiff has filed a combined response [Doc. No. 18] in opposition to both Motions and its Amended Complaint [Doc. No. 17], which adds a claim against Devon Energy Corporation. Plaintiff asserts that Defendant "abused the removal process" by removing the case prematurely, without sufficient information to determine whether diversity of

citizenship exists, and that Defendant should not be allowed to cure its failure to obtain information by now conducting discovery in federal court and delaying the proceeding. *See* Pl.'s Combined Resp. Br. [Doc. No. 18] at 1-5.  Plaintiff advocates the view that a removing defendant's request for jurisdictional discovery after removal is improper.  *See id*. at 4-5 (discussing *Lowery v. Alabama Power Co*., 483 F.3d 1184, 1217-18 (11th Cir. 2007)).  And curiously, given Plaintiff's position that its citizenship is undecided, Plaintiff argues that the joinder of a nondiverse defendant in the Amended Complaint prevents Defendant from establishing diversity of citizenship, and renders Defendant's requests "moot."  *Id*. at 1, 6.

In reply, Defendant argues that its removal was entirely proper[1] and that post-removal jurisdictional discovery is available under the circumstances, where Plaintiff controls Defendant's access to necessary information.  Further, although Defendant attempts to discredit and distinguish *Lowery*, Defendant concedes that the Court has discretion whether to permit jurisdictional discovery.  Reply Br. [Doc. No. 19] at 4.[2]

---

[1] Defendant has repeatedly relied in this case on an improper pleading standard, citing an unpublished district court decision.  *See* Def.'s Reply Br. at 2; Notice of Removal [Doc. No. 1], ¶ 6; Am. Notice of Removal [Doc. No. 11], ¶ 6.  The pleading standard of Fed. R. Civ. P. 8(a) governs a defendant's notice of removal and requires a "plausible allegation" of jurisdictional facts.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014).  While there is authority allowing a party to invoke diversity jurisdiction with good-faith allegations regarding the citizenship of an unincorporated entity, and so obtain jurisdictional discovery, mere "suspicion" is not enough.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107-09 (3d Cir. 2015); *Dancel v. Groupon, Inc*., 940 F.3d 381, 385 (7th Cir. 2019) ("bare assertion that the defendants are citizens of 'another state different from the Plaintiff'" is insufficient).

[2] Defendant has also filed a Motion to Strike Plaintiff's Amended Complaint [Doc. No. 20], asserting that Plaintiff was required to obtain prior permission for the amendment under 28 U.S.C. § 1447(e) and that the relevant factors weigh against allowing Plaintiff's amendment.  *See* Def.'s Mot. Strike at 6-11.  Plaintiff's position, based on its response to Defendant's prior

Under the circumstances presented, the Court finds that Defendant's pleadings lack plausible allegations that diversity jurisdiction exists (*see supra* note 1) and that Defendant has failed to sufficiently justify jurisdictional discovery. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (party seeking jurisdictional discovery must show "legal entitlement" and, specifically, prejudice from denial of discovery). Defendant's claim of prejudice here is based solely on equitable considerations of fairness and expediency. The Court finds nothing unfair about requiring a defendant to obtain facts necessary to support federal jurisdiction before invoking an alleged right to removal. After remand, Defendant can conduct its desired discovery in state court and, if appropriate, undertake a timely removal once it obtains sufficient information to determine whether diversity of citizenship exists. *See* 28 U.S.C. § 1446(b)(3); *see also O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974) (second removal is possible where subsequent developments make case removable).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Jurisdictional Discovery [Doc. No. 9], Motion for Extension of Time [Doc. No. 10], and Motion to Strike

---

motions, is that the amendment is authorized by Fed. R. Civ. P. 15(a)(1), that § 1447(e) is inapplicable because Defendant has not shown diversity jurisdiction exists, but that, if § 1447(e) applies, the Court should exercise its discretion to permit the amendment. *See* Pl.'s Combined Resp. Br. at 7-9. Following the Court's ruling on Defendant's other motions, *infra*, the Motion to Strike is moot.

Plaintiff's Amended Complaint [Doc. No. 20] are **DENIED**.  This case is **REMANDED** to the District Court of Oklahoma County, Oklahoma.

**IT IS SO ORDERED** this 1st day of February, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge